(Decided 3rd March, 1875.)

NATHAN O. NEIGHBORS, GEORGE W. SMITH, and others *vs.* STATE OF MARYLAND, use of WILLIAM P. MAULSBY.

*Pleading and Evidence—Admissibility of Evidence—Attorney's Appearance Fees.*

In an action upon a sheriff's bond to recover an attorney's fees placed in his hands for collection, one of the pleas alleged that the sheriff did account with and pay over to the attorney the fees due. A deputy of the sheriff testified that he had called at the attorney's office and said "we are now ready to made a settlement of your appearance fees;" to which the attorney replied: "It is impossible to attend to it to-day; my business prevents," and fixed another day for the settlement. HELD :

That this testimony amounted to only an offer to account and pay over, and under the pleadings was properly rejected.

Neighbors, *et al. vs.* Maulsby.

In an action upon a sheriff's bond to recover an attorney's appearance fees placed in his hands for collection, one of the pleas was that the sheriff had accounted for and paid over all such fees which he received or collected, or which he ought to have collected. A witness for the defendants testified that he, as one of two joint assignees against whom certain of the fees were charged, had not employed those attorneys in the cases for which such fees had been placed in the sheriff's hands for collection. HELD:

1st. That this testimony was admissible, but that, unless followed by additional proof, the Court after the close of the testimony would have granted a prayer that it was legally insufficient.

2nd. That under this plea the defendants were entitled to offer proof tending to show that the sheriff could not collect the fees; such as the insolvency or non-residence of a party, or that the fees had been paid, or were not due.

The right of an attorney to an appearance fee depends upon a contract either express, or implied, with the party against whom it is charged.

In a suit upon a sheriff's bond, the receipt of the sheriff given for the collection of attorneys' fees, raises only a presumption against him that they are due and can be collected.

In an action upon a sheriff's bond to recover an attorney's fees, the defendants proved by a deputy sheriff that he had informed the plaintiff that R., one of the persons against whom fees were charged, had said, when called upon for payment, that the plaintiff owed him for work, whereupon the plaintiff directed him to consider R's fees as settled in that way. The plaintiff testified that he had no such conversation with the witness, and "by way of explanation stated," that he owed R. nothing at the time referred to, that R. had done some work for him for which he had paid him in full on the spot. HELD:

That this testimony of the plaintiff, whether as an explanation, or as rebutting evidence, was admissible.

APPEAL from the Circuit Court for Frederick County.

This was an action on the bond of the appellants, brought by the appellee, an attorney, to recover certain appearance fees placed for collection in the hands of the appellant, Neighbors, sheriff of Frederick County. The exceptions taken by the defendants to the rulings of the Court below, are stated in the opinion of the Court. The verdict and judgment being for the plaintiff, the defendants appealed.

The cause was submitted on briefs to BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*John C. Motter* and *Francis Brengle*, for the appellants.

*C. V. S. Levy*, for the appellee.

BRENT, J., delivered the opinion of the Court.

This is an action upon a sheriff's bond to recover an attorney's fees, placed in his hands for collection. No question arises upon the pleading, and we shall refer to it only in connection with the testimony offered and rejected by the Court below.

The first exception is taken to the refusal of the Court to permit the appellants to prove by a deputy of the sheriff that he had called, with all the necessary papers, at the law office of the appellee before the 1st day of November, 1869, and said to him, "Colonel, we are now ready to make a settlement of your appearance fees:" that the appellee replied, "it is impossible to attend to it to-day, my business prevents me from so doing," and further said that the witness should call at some other time, naming a day after the 1st of November, and that the witness then left. The only plea, in which there is any allegation of an accounting between the parties before the 1st of November, is the *fifth*. In this plea the allegation is, that the sheriff "did *account with and pay over* to William P. Maulsby the fees due and owing him, before the first day of November, in the declaration mentioned." The testimony rejected amounted to an *offer* only to account, and could not in any way have sustained the issue, presented by this plea, of an *actual* accounting, and payment over of the amount ascertained to be due. There is no other plea to which the testimony could possibly have been applicable, and it was therefore, under the pleadings in the case, properly rejected.

The next exception is to the failure of the Court, they being equally divided in opinion, to admit the testimony of Thomas Gorsuch, by whom the defendants offered to prove, that he "as one of the assignees of Doub, against whom said fees were charged, had not employed either of the Messrs. Maulsby in the cases, for which appearance fees had been placed in the hands of the sheriff." The defendants by their fourth plea allege, that the sheriff had accounted for, and paid over all the fees placed in his hands for collection by the plaintiff, which he received or collected, or which *he ought to have collected.* Under this plea the defendants were entitled to offer such proof as would show to the satisfaction of the jury, that the sheriff could not collect the fees claimed,—such as the insolvency of a party, non-residence, or that the fees had been paid, or were not due. The right of an attorney to an appearance fee must depend upon a contract, either express or implied, with the party against whom it is charged. He certainly cannot enter an appearance and claim to be entitled to the usual appearance fee, unless he has been employed, or, what amounts to the same thing, his services have been accepted. The receipt of the sheriff given for the collection of such fees, in a suit upon his bond, raises only a presumption against him that they are due and could be collected, and like any other presumption it may be rebutted. If he can establish successfully the fact, that the attorney had not been employed, the very foundation of the claim is taken away, and the fee could not have been collected by process of law. And it is competent for the sheriff, in an action like the present one, to offer such proof in the same manner, as it is competent to offer proof of insolvency, non-residence, or payment by the client to the attorney. The admissibility of all such evidence rests upon the same principle.

It is difficult to understand the meaning of this exception, unexplained as it is by any other part of the record.

We are not furnished with the list of fees placed in the sheriff's hands, and cannot tell the precise manner in which those in question were charged. We have construed the exception to mean, either that the fees were charged against the witness alone, or against him and another person as joint assignees of a certain Doub, in cases where they were actual parties. If the fees were charged against Gorsuch alone, the testimony of course was admissible. If against him and a co-assignee it was equally so. His testimony tended directly to prove the issue presented, and was *per se* competent for that purpose. It cannot matter that it did not prove the whole issue. It is sufficient that it formed a link in the evidence necessary to establish the claim to a credit then set up by the defendants. If it had not been followed by additional proof, as for example that the other assignee also had not employed the appellee, so as to rebut fully, in regard to these particular fees, the legal presumption arising upon the sheriff's receipt of their being due and collectible, the Court after the whole testimony was closed, would have granted a prayer to the effect that the testimony was legally insufficient. That objection, however, could not be interposed at the offer of the proof. The identical question has more than once been before this Court and is no longer an open one. In the case of *Plank Road Co. vs. Bruce,* 6 *Md.*, 457, the plaintiffs offered a subscription list, which, not being of itself sufficient to establish the issue, upon objection made was rejected, the plaintiffs' counsel declining to state in connection with the offer that he would follow it up by other proof. This was decided to be error, this Court holding that the evidence, being legal and material to the issue, was admissible, and that the Court below had no authority to require, as a condition upon which the evidence was to be received, that the plaintiffs should disclose in advance what other proof they intended to offer. They also hold, that the legal sufficiency of evidence cannot arise upon

the question of its admissibility, but must be presented by prayer after the evidence has been closed. The same question was again presented in *Pegg, et al. vs. Warford,* 7 *Md.,* 583. It was decided in the same way, and the ruling upon the point in *Plank Road Co. vs. Bruce,* expressly affirmed. Upon these decisions and after what we have already said, we think the testimony offered in this second exception, should have been admitted.

The next and last exception is to the admissibility of evidence offered by the plaintiff. The defendants proved by Stup, a deputy sheriff, that he had informed the plaintiff that Robinson, one of the persons against whom fees were charged, had said when called upon for a settlement that he, the plaintiff owed him for work; that the plaintiff said to the witness in reply, the fees of Robinson should be settled in that way, that the sheriff should so consider it and not to collect them. The plaintiff being placed upon the stand testified that he had had no such conversation with the witness, and "stated by way of explanation he owed Robinson nothing at the time referred to; Robinson had done some sodding for him, for which, at the time of said work, he had paid him in full." To this explanation, as it is termed in the exception, the defendants objected, but the Court permitted it to go to the jury. Even restricting the statement to an explanation merely, it was not, under the circumstances, error in the Court to allow the witness to make it. It is, however, unquestionably admissible as rebutting evidence, in reply to the testimony which had been given by Stup. He had testified that Robinson had said the plaintiff owed him for work, and that the plaintiff had agreed to settle the fees due by him in that way, and to release the sheriff from any obligation to collect them. Although the plaintiff in his testimony had denied having had any such conversation, it was still competent for him to go on and testify that he owed Robinson nothing—having paid him in full for the work he had

done. The indebtedness to Robinson was indirectly in proof before the jury, and it may have been important for the plaintiff to rebut it;—as it would most probably have been not without weight upon the minds of the jury, when they came to consider the conflict between the witnesses in regard to the conversation testified to. If there was such an existing indebtedness, they might have inferred from that fact that the conversation had been forgotten by the plaintiff, or on the other hand, if he owed Robinson nothing, they might very reasonably have concluded that the conversation had been misunderstood, and that the plaintiff could not have said the fees would be settled in the manner spoken of by the deputy sheriff.

We find therefore no error in the rulings of the Court in the first and third exceptions, but as there was error in not admitting the testimony offered in the second exception, the judgment must be reversed.

> *Judgment reversed, and*
> *new trial ordered.*

(Decided 3rd March, 1875.)